IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE B. FINKEL, CHAPTER 7 TRUSTEE : | |
| OF ABBY PERRY-HARTMAN : | CIVIL ACTION |
| : | |
| v. : | |
| : | NO. 17-4732 |
| THE PRUDENTIAL INSURANCE : | |
| COMPANY OF AMERICA : | |

O P I N I O N

JACOB P. HART                                                                           DATE: October 11, 2018
UNITED STATES MAGISTRATE JUDGE

      This is an employment discrimination action, which was originally filed by Plaintiff, Abby Perry-Hartman against Defendant, the Prudential Insurance Company of America ("Defendant" or "Prudential") in October of 2017. Plaintiff raised claims pursuant to the Americans with Disabilities Act of 1990 ("ADA"), the Family Medical Leave Act of 1993 ("FMLA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"). In light of Abby Perry-Hartman's pending bankruptcy, in August 2018, the trustee of the bankruptcy estate, Bonnie B. Finkel, was substituted as Plaintiff in this action. See Docket No. 22.

      Defendant has now filed a Motion to Compel Discovery, pursuant to Fed. Rule of Civ. P. 37. Prudential is seeking an Order compelling production of full and complete discovery responses regarding Perry-Hartman's medical and psychiatric history and complete responses to interrogatories seeking details regarding her harassment and discrimination claims, as well as attorneys' fees and costs incurred in connection with the motion. See Docket No. 23. Plaintiff has filed a Response to the Motion to Compel and Defendant has filed a letter Reply to the

Response. See Docket Nos. 25, 28. As discussed below, Defendant's Motion will be granted in part and denied in part.

I. DISCUSSION

    A. Information Regarding Medical Treatment and Requested Medical Authorizations Defendant

In Defendant's First Set of Interrogatories, which Plaintiff served on March 28, 2018, Defendant requested in interrogatories 6, 7 and 8 that plaintiff provide executed authorizations for the release of medical and psychotherapy treatment for the following:

> Interrogatory No. 6- All providers whom Plaintiff treated with for any 'physical, psychological or emotional injury that [she] claim[s] to have suffered as a result of the conduct alleged in the Complaint.'
>
> Interrogatory No. 7- All providers whom Plaintiff has sought psychological and/or psychiatric counseling and/or treatment' during the past 10 years.
>
> Interrogatory No. 8- All providers whom Plaintiff has sought 'medical care' during the past 10 years.

Docket No. 23-1 (Defendant's Memorandum of Law at p. 3), quoting Interrogatories- Ex. B.

After numerous requests and extensions, Plaintiff has now provided Defendant with executed authorizations without time restriction for all providers with the exception of two providers. It appears that the only remaining issue with respect to these interrogatories is that Plaintiff has still failed to provide authorizations without time restrictions for the records for treatment by Dr. Catherine Kaplan and Dr. Elva DeGeorge.[1] To date, the executed authorization for records from these doctors, whom Plaintiff identified in her Initial Disclosures and in her

---

[1] With regard to Defendant's request for all providers with whom Plaintiff has sought medical case in the last ten years, Plaintiff's counsel has indicated that there may be medical records from specialists such as a gynecologist or eye doctor, which were not related to Plaintiff's claims in this case that were not included in the responses. However, since Defendant does not address any deficiency in this regard in the letter Reply to Defendant's Response, we will only address the issue of the authorizations for Dr. Kaplan and Dr. DeGeorge.

discovery responses, were limited to records from 2015, rather than from 2008 as requested. Defendant's counsel has represented that Plaintiff did not treat with these providers prior to this time, but Defendant seeks the requested authorizations to independently verify this information.

This Court agrees that Defendant should not have to rely on Plaintiff's counsel's unverified representation regarding whether or not records for the time prior to 2015 exist. Plaintiff will be directed to provide executed authorizations for the records from Dr. Kaplan and Dr. DeGeorge without the 2015 time restriction and a supplemental verification, as required by Fed. R. Civ. P. 33.

> B. <u>Interrogatories 11, 12 and 13 Regarding Details Pertaining to Plaintiff's Harassment and Discrimination Claim</u>

Prudential claims that it sought details regarding Plaintiff's specific claims of harassment and discrimination through interrogatories 11, 12 and 13, in an effort to narrow the issues for trial. The interrogatories requested the following information:

> 11. Describe in detail the circumstances surrounding the comments made by Ms. Smyth as alleged in Paragraphs 10, 12 and 13 of the Complaint. Your response should include, but not be limited to, with respect to each comment, identifying the date, place and any person(s) present. Identify and attach copies of any documents which relate in any way to your response to this Interrogatory.
>
> 12. Describe in detail the facts that support the allegation in Paragraph 11 of the Complaint that "[Nancy] Smyth almost immediately began subjecting Plaintiff to a hostile work environment based on her disability." Your response should include, but not be limited to, identifying each instance of harassment, as well as the date, place and any person(s) present. Identify and attach copies of any documents which relate in any way to your response to this Interrogatory.
>
> 13. Identify any complaints, informal or formal, made by, on behalf of, against or concerning you during her employment with Prudential relating to discrimination, harassment, hostile work environment, retaliation or unfair treatment, including but not limited to your complaints to Human Resources, Laura Thompson and Kimberly King as alleged in Paragraphs 14 and 15 of the Complaint. Your response should include, but not be limited to, with respect to each complaint, identifying the date, place, person(s) to whom the complaint was

3

> made, substance of the complaint, other person(s) present, and response(s) to the complaint. Identify and attach copies of any documents which relate in any way to your response to this Interrogatory.

Docket No. 23-Ex. B.

Plaintiff provided the following identical response to each of the three interrogatories:

> Plaintiff objects to this Interrogatory to the extent that it is burdensome and oppressive, and the information requested can be easily obtained by Defendant by referring to the detailed and extensive documentation Plaintiff has produced. Specifically, Plaintiff refers Defendant to her production of extensive documentation contained (sic) detailed information concerning Plaintiff's allegations in her Complaint which provides information responsive to this Interrogatory (see e.g. documents produced by Plaintiff in the following folder (documents entitled "EEOC Rebuttal 1-5"), folder entitled "Emails," folder entitled "Prudential Related documents in folder entitled "Memos").

Docket No. 23-Ex. C.

Prudential objects to Plaintiff's response, claiming that it "refers Prudential to her entire production consisting of approximately 1,000 pages- without any detail, let alone sufficient detail- that would enable Prudential to locate and identify responsive documents." Docket No. 23-1 at 9. Plaintiff responds by noting that the response referred Prudential to Plaintiff's EEOC rebuttal and that the production was organized into folders.

Pursuant to Federal Rule of Civil Procedure 33, an answering party may specify records to be reviewed where the "answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information)." However, the Rule specifies that this is permitted only "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P 33(d). "[T]he responding party cannot merely offer its business records for inspection, but has a 'duty to specify, by category and location' the records from the answers can be ascertained by a person unfamiliar with them." R.W. Thomas Const. Management Co., Inc. v. Corrugated

4

Services, Inc., Civ. A. No. 96-2131, 1995 WL 592539 (E.D. Pa. Oct. 2, 1995) (quoting 4A Moore's Federal Practice at 33-120).

I agree with Defendant that by merely referencing these files Plaintiff has not made the requested information readily available to Prudential in a detailed and convenient form. Prudential has now taken the additional step of bates-stamping the EEOC file. Therefore, Plaintiff should now be able to reference or highlight the specific portions of the folders that are responsive to these interrogatories much easier than Defendant could. Therefore, I will direct Plaintiff to supplement its answers to these interrogatories by specifically referencing the responsive portions of the EEOC folders.

    B.  Request for Fees

Finally, Prudential seeks to recover attorneys' fees and costs from Plaintiff pursuant to Fed. R. Civ. P 37(a)(5). While I am granting this motion to the extent that Plaintiff must supplement answers and provide additional clarification, I will not award fees at this time. Given Plaintiff's assertion that records do not exist prior to 2015 from Dr. Kaplan and Dr. DeGeorge and the fact that Plaintiff referred Prudential to EEOC folders containing the responsive information, we find that such an award would be unjust.

II.    Conclusion

In accordance with this Opinion, I will on this day enter an Order granting Prudential's motion in part, and denying it in part, as described above.

                                          BY THE COURT:

                                          /s/ Jacob P. Hart

                                          _____
                                          JACOB P. HART
                                          UNITED STATES MAGISTRATE JUDGE